# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

SANDRA D'ALLI LOGAN,      )
      )
     Plaintiff,      )
      )
     v.      )      **Civ. Action No. 04-916 (RJL)**
      )
DEPARTMENT OF VETERAN      )
AFFAIRS,      )
      )
      )
     Defendant.      )

## MEMORANDUM OPINION AND ORDER
(August 26, 2005) [# 21, 22, 25]

Plaintiff, Sandra D'Alli Logan ("Logan" or "plaintiff"), proceeding *pro se*, filed this

action against the Department of Veterans Affairs ("VA," "department," or "defendant"),

alleging, *inter alia*, violations of Title VII of the Civil Rights Act of 1964, as amended, 42

U.S.C. § 2000e *et seq.* ("Title VII"), Section 501 of the Rehabilitation Act of 1973, as

amended, 29 U.S.C. § 791 *et seq.* ("Rehabilitation Act"), the Federal Tort Claims Act, 28

U.S.C. §§ 2671 *et seq.* ("FTCA"), and the Freedom of Information Act, 5 U.S.C. § 552 *et*

*seq.* ("FOIA"). Presently before the Court is the department's motion to dismiss or, in the

alternative, for summary judgment.[1] After due consideration of the parties' submissions, the

---

[1]         There are two other motions pending in addition to the defendant's motion for summary judgment.
First, after the defendant filed its motion for summary judgment, the plaintiff filed a document entitled "First
Supplemental Pleading," which is, in essence, a motion for leave to file an amended complaint. *See* Dkt. #25. This
document was filed *before* the defendant filed its answer and, as a result, plaintiff is entitled to amend her complaint
as a matter of right. *See* FED. R. CIV. P. 15(a); *see also James v. Hurson Assocs. v. Glickman*, 229 F.3d 277, 283



relevant law, and the entire record herein, defendant's motion is GRANTED. However, because it does not appear from the record that the defendants have moved for summary judgment with respect to plaintiff's FOIA claim, the action is not dismissed and the parties are ordered to file a status report as to the viability of the FOIA claim.

## I. BACKGROUND

Logan is a retired Naval Officer, who interned at the Veterans Center located in Alexandria, Virginia ("Vet Center") from approximately April, 1999 to December, 1999 while pursuing a graduate degree in psychology from Marymount University School of Education and Human Services. Compl. ¶¶ 14, 17, 74. Prior to filing the instant action, Logan had sued the department in this Court ("prior suit"), alleging that the department violated certain federal and constitutional rights during her internship at the Vet Center. *Logan v. U.S. Dep't of Veterans Affairs*, Civ. Action No. 02-701 (RJL). This Court dismissed the prior suit on July 28, 2004. *See Logan v. Dep't of Veterans Affairs*, 357 F. Supp. 2d 149 (D.D.C. 2004). A month before the prior suit was dismissed, however, plaintiff commenced the instant action. The instant action stems, in part, from an Administrative Board Investigation ("ABI") of alleged violations of VA policies by plaintiff's internship

---

(D.C. Cir. 2000) (noting that a motion to dismiss is not a responsive pleading for purposes of Rule 15). This Memorandum Opinion considers the claims raised by plaintiff in the complaint and amended complaint, to the extent that the claims are different, because the plaintiff is proceeding *pro se* and it does not appear that she intended that the latter document replace the former. Second, plaintiff has filed a Motion for Enlargement of Time to File A Compulsory Counterclaim. *See* Dkt. #22. Because the defendant has not filed any claims against the plaintiff, however, the Court assumes plaintiff was requesting an extension of time to respond to the defendant's motion for summary judgment. Plaintiff filed this motion in October 2004 and has been given adequate time to oppose the defendant's motion. Accordingly, plaintiff's motion is DENIED as moot.

2

supervisor, Robert Tecklenburg ("Tecklenburg").[2]

## II. ANALYSIS

Although the plaintiff, proceeding *pro se*, has not organized her claims into formal counts, a liberal reading of her pleadings reveals that she essentially seeks the following: (1) judicial review of the U.S. Equal Employment Opportunity Commission ("EEOC") determination that plaintiff was not discriminated against in violation of Title VII or based upon any disability; (2) monetary damages and equitable relief for alleged violations of the FTCA; (3) equitable relief relating to information related in the ABI's report following the investigation of Tecklenburg; and (4) relief for violations of the FOIA.

## A.    Standard of Review

Summary judgment should be granted when the pleadings and the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In their opposition, the non-moving party may not rest merely upon the allegations in the complaint, but must set forth specific facts showing that there is a genuine issue for trial through the means of affidavits or other documentary evidence. FED. R. CIV. P. 56(e); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Moreover, conclusory statements will not be sufficient to survive a motion for summary

---

[2]

For a more complete recitation of the facts relating to the parties in this case, see the Court's previous opinion in *Logan*, 357 F. Supp. 2d 149.

3

judgment because the purpose of summary judgment is to "weed out those cases insufficiently meritorious to warrant the expense of a jury trial." *Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999).

On summary judgment, any factual assertions made in support of the motion will be accepted as true if the non-moving party fails to meet their burden to show specific facts creating a genuine issue for trial. *See Neal v. Kelly*, 963 F.2d 453, 457 (D.C. Cir. 1992); FED. R. CIV. P. 56(e); *see also* D.D.C. LOCAL CIV. R. 7.1(h). *Pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999).[3]

## B.   EEOC Claims

Plaintiff filed a complaint with the EEOC alleging that she was subject to discrimination based upon race, gender, and disability when (1) on February 1, 2000 she was

---

[3]

The Court is satisfied that plaintiff has been given a reasonable opportunity to present materials responsive to defendant's motion, which is entitled "Motion to Dismiss and for Summary Judgment." *See* FED. R. CIV. P. 12(b) (stating that the Court may treat a motion to dismiss as one for summary judgment provided all parties are given a reasonable opportunity to submit the pertinent materials). The defendant filed this motion on October 15, 2004. The Court issued a *Fox/Neal* Order nearly seven months later, on May 16, 2005, because the plaintiff had not filed any opposition. *See* Dkt. #29. The Court is skeptical of plaintiff's contention that she never received notice of the Court's *Fox/Neal* Order, *see* Pl.'s Notice Statement of Facts Not in Material Dispute ("Pl.'s SOMF") at 1, because the record reflects that the Order was mailed to her at the address where she currently resides. Moreover, although plaintiff did not file her opposition within the time proscribed by the Court's *Fox/Neal* Order, she did file two documents responsive to defendant's motion shortly after the deadline. In the second document, entitled "Plaintiff's Statement of Facts Not in Genuine Dispute," plaintiff actually cites to FED. R. CIV. P. 56 and Local Rule 7.1(h) which evinces that she was treating defendant's motion as a motion for summary judgment. Finally, the Court notes that, even if plaintiff never received the Court's *Fox/Neal* Order, the defendant clearly advised plaintiff of her obligation to respond (and the consequences of inaction or insufficient action). *See* Def.'s Mot. at 1, n.1. The defendant, for example, explained that any of defendant's factual assertions would be accepted as true by the Court if not contradicted by plaintiff's affidavits, cited to *Neal v. Kelly*, 963 F.2d 453 (D.C. Cir. 1992), and Local Rule 7.1(h), and included the text of FED. R. CIV. P. 56(e). *Id.* This notice satisfies the Court's responsibility under *Neal*, *see Neal*, 963 F.2d at 456-57 ("If counsel for the defendants fail to provide the appropriate notice, then it is the district judge's responsibility to do so.").

4

not selected for the position of Social Worker (GS-11) at the Alexandria, Virginia Veterans Center; (2) on March 3, 2000, she was not selected for the position of Readjustment Counseling Specialist (GS-9) at the Silver Spring, Maryland Veterans Center; and (3) she was subjected to a hostile work environment during April 2000. Compl., Ex. 1.

### 1.   *McDonnell Douglas Corp. v. Green*

The Supreme Court set forth the framework for analyzing discrimination claims under the Rehabilitation Act and Title VII in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Lathram v. Snow*, 336 F.3d 1085, 1088 (D.C. Cir. 2003). The plaintiff has the burden of proving, by the preponderance of the evidence, a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff proves the prima facie case, the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory reason for the [action]." *Id.* Lastly, should the defendant carry this burden, the plaintiff "has an opportunity to discredit the employer's explanation," *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1288 (D.C. Cir. 1998), by showing the defendant's reasons were a pretext for discrimination, *see Fischbach v. D.C. Dep't of Corr.*, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (explaining that the plaintiff cannot discredit an employer's explanation by merely showing that the action was unfair or undesirable, but only by showing that the explanation was phony).

### 2.   *Title VII Claims*

Plaintiff first asserts that defendant violated Title VII by failing to select her for clinical positions at the department based on her race and gender. Compl. at 1. Even

5

assuming, without deciding, that plaintiff established a prima facie case of discrimination under Title VII, the Court concludes that this claim must fail because the VA has articulated a "legitimate, nondiscriminatory reason" for not selecting her for the GS-9 and GS-11 positions, and plaintiff failed to meet her burden of discrediting defendant's explanation. *See, e.g., Hastie v. Henderson*, 121 F. Supp. 2d 72, 79 (D.D.C. 2000) (holding that plaintiff, by merely asserting that she was better qualified, failed to show that her employer's legitimate, non-discriminatory reason for selecting other candidates was merely a pretext for race and sex discrimination). In particular, the department has demonstrated that it hired a candidate it believed was more qualified for the GS-9 "Readjustment Counseling Specialist" position based upon the competing candidate's educational background and employment at the Silver Spring Vet Center. Miller Aff. ¶¶ 10-11. Similarly, the department has demonstrated that plaintiff did not meet the educational requirements for the GS-11 "Social Worker" position, even though she holds a Master's degree in psychology, because the position required that the candidate have a Master's degree in *social work*. Houston Aff. ¶¶ 5-6.[4]

Plaintiff next asserts that defendant violated Title VII by not selecting her for employment at the Vet Center in retaliation for her prior EEO activity. Compl. at 1. A prima facie case of retaliation or reprisal requires the plaintiff to show: "(1) that she engaged in

---

[4]

       Plaintiff also essentially alleges that even though she did not meet the educational requirements for the social worker position, the department should have hired her under a special "direct hiring authority." Compl. ¶ 37; Ex. 34. The department, however, did not exercise this special direct hiring authority because plaintiff did not have the required Master's degree in social work and not because of plaintiff's race or gender. Houston Aff. ¶ 11.

protected activity; (2) that the [defendant] took an adverse personnel action; and (3) that a causal link existed between the two." *Mitchell v. Baldridge*, 759 F.2d 80, 86 (D.C. Cir. 1985). To establish the required causal connection, plaintiff may show that "her employer knew about the plaintiff's participation in a protected activity and that the adverse action took place shortly thereafter." *Mitchell*, 759 F.2d at 86. Under section 704(a) of Title VII, an employer cannot discriminate against an employee because the employee has "opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *See* 42 U.S.C. § 2000e-3(a) (2000).

Plaintiff has failed to establish a prima facie case of retaliation because she has not sufficiently demonstrated that she engaged in a "protected activity." Plaintiff has admitted that she did not engage in any protected activity *before* the alleged discriminatory incidents occurred in April 2000 or before initiating the EEO complaint, which was pending in November 2000. Logan Tr. at 8, 11. However, plaintiff contends the defendant retaliated against her in response to the letter she wrote in support of Tecklenburg during the ABI investigation of Tecklenburg's management practices, Logan Tr. at 9, and the grievance she filed against a VA nurse regarding plaintiff's medical care, Logan Tr. at 10; Compl. ¶ 12. Neither of these activities, however, are "protected" within the meaning of Title VII because they do not include a claim of discrimination based upon race, color, religion, sex or national origin. *See Parker v. Balt. & Ohio R.R. Co.*, 652 F.2d 1012, 1020 (D.C. Cir. 1981) ("[A]n employee . . . [must] demonstrate a good faith, reasonable belief that the challenged practice

7

violates Title VII."). Moreover, even if plaintiff's conduct had been protected and, thus, she was able to demonstrate a prima facie case of retaliation, the defendant has similarly articulated legitimate, non-discriminatory reasons for not selecting her for the GS-9 and GS-11 positions and plaintiff has failed to properly controvert the department's explanation.

Finally, plaintiff raises a claim for hostile work environment under Title VII. A "hostile work environment" is defined as a workplace that is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 21 (1993) (internal citations omitted). To establish a prima facie case of hostile work environment, plaintiffs must demonstrate: (1) they are a member of a protected class; (2) they are subject to unwelcomed harassment; (3) a causal connection between their status as a member of a protected class and the unwelcomed harassment; and (4) the employer knew or should have known about the harassment and remedied the situation. *Jones v. Billington*, 12 F. Supp. 2d 1, 11 (D.D.C. 1997).

Plaintiff alleges that she was subject to a hostile work environment in April 2000 when the ABI was convened to investigate Mr. Tecklenburg's actions. Compl. at 1. Specifically, plaintiff alleges that she was subjected to inappropriate comments and insinuations, including allegations that she was involved in an extra-marital affair with Tecklenburg. Compl. ¶¶ 31, 35, 38-39, 53-54. Plaintiff's internship, however, had concluded by December 1999. Compl., Ex. 26. As a result, these purported hostile work environment claims, focusing on April 2000, are without merit because they occurred *after*

plaintiff's volunteer internship ended at the Vet Center.

### 3.    Rehabilitation Act Claim

Plaintiff also contends that the defendant violated the Rehabilitation Act by not selecting her for the GS-9 and GS-11 positions at the Vet Center because of her disability.[5] Compl. at 1. The Rehabilitation Act provides that: "[n]o otherwise qualified individual with a disability" shall be discriminated against solely by virtue of her or his disability. 29 U.S.C. § 794(a) (2000). To establish a prima facie case of discrimination under the Rehabilitation Act, plaintiff must show that she (1) is an individual with a disability; (2) who, with or without reasonable accommodation, can perform the essential functions of the position; and (3) who suffered from an adverse employment decision due to her disability. *Breen v. Dep't of Transp.*, 282 F.3d 839, 841 (D.C. Cir. 2002). In the final analysis, "the plaintiff's ultimate burden is always to prove that she has been the victim of intentional discrimination." *McGill v. Muñoz*, 203 F.3d 843, 846 n.3 (D.C. 2000) (internal quotation omitted).

Here, plaintiff has failed to meet her burden to prove that she has suffered an adverse employment decision *due to her disability*. Indeed, even assuming, without deciding, that she is an "otherwise qualified individual with a disability" under the Act, the VA has articulated a "legitimate, nondiscriminatory reason" for not selecting her for the GS-9 and GS-11 positions, and plaintiff has not offered sufficient documentation to discredit this

---

[5]

Plaintiff suffers from dysthymia, bilateral Morton's neuroma, Meniere's disease and esophageal reflux, which, in the aggregate, are appraised as a fifty percent military-service-connected disability rating by the VA. Logan Tr. at 11.

explanation.

## C.   Tort Claims

Plaintiff also alleges that the department committed a number of tortious acts against

her that she believes are actionable under the FTCA.  More specifically, plaintiff alleges, in

essence, claims for defamation and negligence.[6]  The FTCA bars plaintiffs "from bringing

suit in federal court until they have exhausted their administrative remedies."  *McNeil v.*

*United States*, 508 U.S. 106, 113 (1993); *see* 28 U.S.C. § 2675(a) (2000) ("An action shall

not be instituted . . . unless the claimant shall have first presented the claim to the appropriate

Federal agency and his claim shall have been finally denied by the agency in writing.").  In

this case, plaintiff admits that she has not filed any tort claims with the department.  Compl.

at 2.  Furthermore, there is no evidence that plaintiff has filed any tort claim as of the date

of defendant's motion.  Giorno Aff. ¶ 3.  Therefore, even assuming that plaintiff's tort claims

against defendant, a federal agency, are cognizable,[7] they are not properly before the Court

at this time and summary judgment must be entered in favor of the defendant.  *See Simpkins*

*v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997) (noting failure to first present claim under

28 U.S.C. § 2675(a) to appropriate federal agency is a bar to suit).

---

[6]     Plaintiff alleges, *inter alia,* that her reputation was "sullied" by the ABI and that she was abused by
the use of her name in the final ABI report and in Tecklenburg's Grade Reduction Letter. Compl. ¶¶ 7, 28, 43. She
also alleges that she was subject to patient abuse at the hands of the VA medical staff who ignored her medical
ailments and breached confidentiality statutes. *Id.* ¶¶ 8, 10, 12-13, 21, 33-34, 65, 73. Lastly, plaintiff alleges that
her supervisors failed to provide adequate or competent clinical supervision. *Id.* ¶ 24-26, 59.

[7]

        The FTCA specifically exempts claims based on the torts of "libel, slander, misrepresentation,
deceit." 28 U.S.C. § 2680(h) (2000).

**D.    Miscellaneous Claims Barred by Res Judicata**

Plaintiff's pleadings also raise an assortment of miscellaneous claims and requests for relief. Plaintiff, for example, asks the Court to: (1) expunge the ABI report, Compl. Prayer for Relief ¶ 3; (2) grant a *Roth/Codd* name clearing hearing, *Id.* ¶ 6; and (3) make a determination that defendants violated the Privacy Act, 5 U.S.C. § 552(a) *et seq.*, the Paperwork Reduction Act, 44 U.S.C. § 3504 *et seq.*, and the Computer Security Act, 40 U.S.C. § 759 *et seq.*, Am. Compl. ¶ 1. These claims, however, are barred by the principle of res judicata. *See Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983) ("Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) (explaining that issues may be identical even if the underlying claims differ). Plaintiff has either asserted these claims in her prior suit, or the claims arise from the same set of facts as those adjudicated in the prior suit and should have been raised previously. Accordingly, summary judgment is entered in favor of the defendant with respect to these claims.

**E.    FOIA Claim**

Finally, plaintiff has asserted a FOIA claim against the defendant in which she apparently seeks to compel the disclosure of information relating to job announcements and vacancies for certain positions within the VA. Compl., Ex. 65 (FOIA officer's response to plaintiff's purported FOIA request). The defendant did not move for summary judgment with respect to this claim in its present motion. Moreover, the record is not clear as to the

exact documents plaintiff seeks, the nature of the defendant's objection, if any, to disclosure

of the requested documents, or whether, perhaps, the defendant has disclosed the documents

to the plaintiff since the filing of the instant action.  Accordingly, the Court orders the parties

to file a status report as to the validity of the FOIA claim within thirty (30) days of the date

of this Memorandum Opinion and Order.

### ORDER

For the foregoing reasons, it is, this **28th** day of August, 2005, hereby

**ORDERED** that defendant's motion to dismiss and for summary judgment [#21] is

**GRANTED**; and it is further

**ORDERED** that plaintiff's Motion for Enlargement of Time [#22] is **DENIED** as

moot; and it is further

**ORDERED** that plaintiff's document entitled First Supplemental Pleading [#25] is

**GRANTED**; and it is further

**ORDERED** that the parties file a status report as to the validity of the FOIA claim

within (30) days of the date of this order.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge

12